Nasir S. Ahmed (AZ State Bar No. 038608)
**K&L GATES LLP**
One SW Columbia Street, Suite 1900
Portland, OR 97204
Telephone: (503) 228-3200
Fax: (206) 623-6449
nasir.ahmed@klgates.com

*Attorney for Plaintiff Sport Squad, Inc. d/b/a JOOLA*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Sport Squad, Inc. d/b/a JOOLA, | Case No. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 12,465,826** |
| v. | |
| Paddletek, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Sport Squad, Inc. D/B/A JOOLA ("Plaintiff" or "JOOLA") by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendant Paddletek, LLC ("Paddletek") and alleges on knowledge as to its actions, and upon knowledge and information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, from Paddletek's infringement of U.S. Patent No. 12,465,826 (the "'826 Patent" or the "Asserted Patent").

## THE PARTIES

2.      Plaintiff Sport Squad, Inc. d/b/a JOOLA is a corporation organized under the laws of Maryland with its principal operating business located at 915 Meeting Street, North Bethesda, Maryland 20852.

- 1 -                                                    COMPLAINT FOR PATENT
                                                                    INFRINGEMENT

3.     Defendant Paddletek, LLC is a limited liability company organized under the laws of Arizona with a registered address at 10711 East Mescal Street, Scottsdale, Arizona 85259 and its principal place of business at 1990 South 11th Street, Suite 44, Niles, Michigan 49120.

4.     On information and belief, Paddletek manufactures, imports, offers for sale, and sells pickleball paddles to resellers, distributors, and consumers throughout the United States, including in this District.

**JURISDICTION AND VENUE**

5.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

6.     This Court has personal jurisdiction over Paddletek insofar as Paddletek is organized in this District.

7.     On information and belief, Paddletek engages in other persistent courses of conduct and derives substantial revenue from products or services and continuous contacts within this District, has purposefully established substantial, systematic, and continuous contacts within this District, and should reasonably expect to be sued in a court in this District.

8.     The Court's exercise of jurisdiction over Paddletek will not offend traditional notions of fair play and substantial justice.

9.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**THE PATENT-IN-SUIT**

10.     On November 11, 2025, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued the '826 Patent, entitled "Game Paddle."  A true and correct copy of the '826 Patent is attached as **Exhibit 1.**

**FACTUAL ALLEGATIONS**

11.     The '826 Patent describes a solid sports paddle, such as a pickleball paddle, and methods of manufacturing it with internal structures designed to affect the paddle's feel and performance during play.  The technology described in the '826 Patent is implemented in infringing pickleball paddles including, but not limited to, the Paddletek Reserve Paddle ("Accused Product").

COMPLAINT FOR PATENT
INFRINGEMENT

12.    Paddletek has infringed and continues to infringe the '826 Patent by making, using, selling, offering to sell, and/or importing products including, but not limited to, the Paddletek Reserve Paddle.

13.    Throughout its infringement, Paddletek has had actual knowledge of JOOLA's '826 Patent and of Paddletek's infringement of the '826 Patent.

**COUNT I: INFRINGEMENT OF THE '826 PATENT**

14.    JOOLA realleges and incorporates by reference each of its allegations in paragraphs 1-13 of this Complaint.

15.    JOOLA has not licensed or otherwise authorized Paddletek to make, use, offer for sale, sell, or import any products that embody the inventions of the '826 Patent.

16.    As shown in the attached non-limiting claim chart (**Exhibit 2**), by making, using (at least by testing), selling, offering for sale, or importing the Accused Product in this Judicial District and throughout the United States without license or authorization, Paddletek is now and has been directly infringing at least claim 1 of the '826 Patent, either literally or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.*

17.    Exhibit 2 is intended solely to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a)(2), and does not represent JOOLA's preliminary or final infringement contentions or preliminary or final claim construction positions.  JOOLA reserves the right to modify its infringement theories reflected in Exhibit 2 as discovery progresses in this case, including through contentions disclosures and claim construction in accordance with the Patent Local Rules in this District.

18.    As a direct and proximate result of Paddletek's direct infringement of the '826 Patent, JOOLA has been and continues to be damaged. Paddletek's infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

19.    By engaging in the conduct described herein, Paddletek has injured JOOLA and is thus liable for infringement of the '826 Patent, pursuant to 35 U.S.C. § 271.

20.    Paddletek has committed and continues to commit acts of infringement that Paddletek actually knew or should have known constituted an unjustifiably high risk of

- 3 -

infringement of at least one valid and enforceable claim of the '826 Patent. Paddletek's direct infringement of the '826 Patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of rights under the patent. JOOLA is entitled to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## JURY DEMAND

21. JOOLA hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, JOOLA prays for the following relief against Paddletek as follows:

A. Entry of judgment declaring that Paddletek has infringed one or more claims of the '826 Patent;

B. Entry of judgment declaring that Paddletek's infringement of the '826 Patent has been willful and deliberate;

C. An order pursuant to 35 U.S.C. § 283 permanently enjoining Paddletek, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the '826 Patent;

D. An order awarding damages sufficient to compensate JOOLA for Paddletek's infringement of the '826 Patent, but in no event less than a reasonable royalty, together with interest and costs;

E. An order awarding JOOLA treble damages under 35 U.S.C. § 284 as a result of Paddletek's willful and deliberate infringement of the '826 Patent;

F. Entry of judgment declaring that this case is exceptional and awarding JOOLA its costs and reasonable attorney fees under 35 U.S.C. § 285; and

G. Such other and further relief as this Court may deem just and proper.

COMPLAINT FOR PATENT
INFRINGEMENT

Dated: April 9, 2026

Respectfully submitted,

*/s/ Nasir S. Ahmed*
Nasir S. Ahmed (AZ State Bar No. 038608)
nasir.ahmed@klgates.com
K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Telephone: (503) 226-5739

Nicholas F. Lenning (*pro hac vice forthcoming*)
nicholas.lenning@klgates.com
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: (206) 623-7580

Jason A. Engel (*pro hac vice forthcoming*)
jason.engel@klgates.com
Austin C. Holler (*pro hac vice forthcoming*)
austin.holler@klgates.com
Devdhi Kasana (*pro hac vice forthcoming*)
devdhi.kasana@klgates.com
Kahlan E. Noel (*pro hac vice forthcoming*)
kahlan.noel@klgates.com
K&L Gates LLP
70 W. Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121

Rachel Berman (*pro hac vice forthcoming*)
rachel.berman@klgates.com
K&L Gates LLP
10100 Santa Monica Blvd.,
8th Floor
Los Angeles, California 90067
Telephone: (310) 552-5000

*Attorneys for Plaintiff Sport Squad, Inc. d/b/a JOOLA*

- 5 -

COMPLAINT FOR PATENT
INFRINGEMENT